53438. HARDWICK et al. v. PARHAM.

WEBB, Judge.

This appeal requires us to decide whether hearing officers of the Department of Human Resources presiding at final revocations of juvenile aftercare or alternate plans, where it is determined that juveniles have violated the conditions of existing aftercare or alternate plans, are authorized by the Official Compilation, Rules and Regulations of the State of Georgia, to receive evidence

and impose new alternate plans of care.

The particular rule in question (Rule 290-6-1-.05 (b)) provides as follows:

"Final Revocation Hearing: Nature and Purpose. The purpose of the final revocation hearing is to make a determination of the allegation(s) and to make disposition. The hearing officer for final revocation will, based on the preponderance of the evidence presented, make the initial decision that the youth is to be continued in the community, returned to or placed in an institution or some other change in plan of care is to be made. The results of the hearing shall be put in writing in the Initial Decision of Hearing Officer form. Copies shall be given to the youth and his parents or guardian."

The appellant juveniles contend that this language requires the hearing officer to make a decision among three alternatives, one of which is a change of plan in care. We agree with the Department of Human Resources, however, that when the rule is considered in relation to the other rules regarding revocation of alternate and aftercare plans, it can not be given this construction.

The rule in issue is one of nine contained in Chapter 290-6-1 of the Official Compilation under the heading "Administrative Revocations of Juvenile Aftercare or Alternate Plans." Rule 290-6-1-.09, which is found in the same chapter, provides:

"At any time when a change in plan of care is considered, other than possible placement in Youth Development Center, that would impose greater limitations on a youth's liberty, the youth and his parents shall, at least, have the opportunity for a conference with the immediate supervisor of the youth's worker. Upon request, a conference with the supervisor and the youth and parents shall be held to fully explain what action is being considered and why. The youth and his parents or guardian shall be given the opportunity to give evidence or reasons why the change in plan of care should not be made."

This rule clearly contemplates that all changes in plans will be considered by the youth's worker since it also provides for a conference with the worker's supervisor, who has the authority to overturn proposed changes

imposed by the youth's worker. The appeal procedure as described would be meaningless if the change in plan were imposed by anyone other than the youth's worker. Moreover, the express purpose of the conference, "to fully explain what action is being considered and why," would be rendered ineffectual if the action were taken by a person (such as a hearing officer) with whom the worker's supervisor has no direct contact. We do not believe that the drafters of these rules intended to create a means for adjudicating the merits of proposed alternate plans by removing decisions concerning such plans from the trained social workers familiar with the care and treatment of delinquent children and with the background of the particular youth involved.

Finally, "Administrative Revocation" is defined in Rule 290-6-1-.01(a) as "the *termination* of the conditional community placement of a delinquent or unruly youth committed to the custody of the Department of Human Resources by a juvenile court." (Emphasis supplied.) We find it highly unlikely that a rule entitled "Administrative Revocation: Final Hearing Procedures" was intended to include the authority to impose or approve a *new* or alternate plan, and conclude that the role of the hearing officer is to assure that due process is observed in any decision made by the social worker which might result in restraints on the liberty of a delinquent juvenile.[1] Accordingly, the judgment of the superior court is affirmed.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

ARGUED FEBRUARY 15, 1977 — DECIDED FEBRUARY 17, 1977.

---

[1] Compare, Morrissey v. Brewer, 408 U. S. 471 (92 SC 2593, 33 LE2d 484) (1972); Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656) (1973), establishing due process requirements for parole and probation revocation hearings before neutral and detached decision makers. Neither Morrissey nor Gagnon holds that the independent decision maker must decide or impose the ultimate sanction following a determination that a parole or probation violation has occurred.

*Kenneth* Hindman, Steven Gottlieb, John L. Cromartie, Jr., for appellants.

*Arthur K. Bolton, Attorney General, Michael J. Walls, Assistant Attorney General,* for appellee.